## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

YOLANDA LEE,                          )
                                      )
                 Plaintiff,           )
vs.                                   )          NO.  CIV-13-0007-HE
                                      )
STATE OF OKLAHOMA, DEPARTMENT)
OF REHABILITATION SERVICES,           )
                                      )
                 Defendant.           )

### ORDER

Plaintiff Yolanda Lee, proceeding *pro se*,[1] brings this action against the Oklahoma

Department of Rehabilitation Services ("ODRS") asserting claims under 42 U.S.C. § 1981.

ODRS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The motion is at issue.

Rule12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim

upon which relief can be granted."  When considering a Rule 12(b)(6) motion, all well-

pleaded factual allegations in the complaint are accepted as true and construed in the light

most favorable to the nonmoving party.  Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir.

2010).  Unsupported, conclusory allegations, however, need not be accepted as true.  *See*

Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).  The question

is whether the complaint contains "enough facts to state a claim to relief that is plausible on

its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff's complaint alleges that her former employer, Swanson Services, violated her

---

[1]*Pro se pleadings are construed liberally. See* Haines v. Kerner, *404 U.S. 519, 520-21 (1972).*

equal rights by treating plaintiff differently than other similarly situated employees.[2] Swanson Services, however, is not a party to this action.  Instead, plaintiff sued ODRS, which is the state licensing agency for blind vendors under the Randolph-Sheppard Act, 20 U.S.C. § 107-107f.  7 Okla Stat. § 71.  While the basis for plaintiff's claim is far from clear, she asserts that ODRS "became liable upon the culpability of [Swanson Services]" [Doc. #12 at 2].  ODRS moved to dismiss plaintiff's complaint, asserting that it is entitled to sovereign immunity from this suit, that it was not plaintiff's employer and therefore can not be liable to plaintiff for employment discrimination, and that plaintiff's claim is barred by res judicata.

The court concludes plaintiff's suit against ODRS is barred by Eleventh Amendment immunity.  Plaintiff's suit is one under 42 U.S.C. §1981 for damages.  ODRS is part of, or an arm of, the State of Oklahoma.  *See* Alden v. Maine, 527 U.S. 706, 756 (1999).  Under the Eleventh Amendment to the U. S. Constitution, a state is immune from suits against it by its own citizens, for damages, unless Congress has abrogated that immunity or unless the state waives its immunity.  Pettigrew v. State of Okla. ex. rel. Okla. Dep't of Pub. Safety, —F.3d—, 2013 WL 3491643, at *2 (10th Cir. 2013).  Congress has not abrogated Eleventh Amendment immunity as to §1981 claims.  Patillo v. Larned State Hosp., 462 Fed.Appx. 780, 783 (10th Cir. 2012) (unpublished).  Oklahoma has not waived its Eleventh Amendment immunity generally, 51 Okla. Stat. §152.1(B), nor is any other basis for waiver persuasively

---

[2]*Plaintiff previously sued Swanson Services for race discrimination in employment.  See* Lee v. Swanson Services, Inc., *No. Civ-10-1083-HE.  The parties to that action jointly stipulated to dismiss the case with prejudice.  See id. at Doc. #37.*

argued by plaintiff or otherwise apparent.[3]  Accordingly, plaintiff's claims here are barred by the Eleventh Amendment.

Resolution of the Eleventh Amendment issue as indicated would ordinarily make further discussion unnecessary.  However, recognizing that plaintiff is proceeding *pro se* and that issues of immunity, waiver and the like can be involved, it is appropriate to note that plaintiff's claims would be subject to dismissal even in the absence of Eleventh Amendment immunity.

Her underlying claim appears to be that she was discriminated against in her employment.  However, she acknowledges that ODRS was not her employer [Doc. #12 at 2].  Further, she has not alleged that ODRS itself discriminated against her sufficient to state a § 1981 race discrimination claim, or that there existed a sufficient contractual relationship between the two.  *See* Barfield v. Commerce Bank, N.A., 484 F.3d 1276, 1277-78 (10th Cir. 2007) (holding that to state a § 1981 race discrimination claim, a plaintiff must demonstrate "(1) that the plaintiff is a member of a protected class; (2) that *the defendant* had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." (emphasis added) (quoting Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101 (10th Cir. 2001)); *see also* Perry v. Woodward, 199 F.3d 1126,

---

[3]*Plaintiff argues, without citation of authority, that ODRS' receipt of federal funds effects a waiver of Eleventh Amendment immunity.  As a general proposition, the receipt of federal funds does not do so.  See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 246-7 (1985) ("receipt of federal funds cannot establish that a State has consented to suit in federal court"), superseded by statute, 42 U.S.C. §2000d-7.  The just-referenced statute provides that receipt of federal funds will be deemed a waiver of Eleventh Amendment immunity as to claims under various statutes, but damages claims under §1981 are not among those enumerated statutes.*

1132 (10th Cir. 1999).

To the extent plaintiff asserts that ODRS violated her equal protection rights, plaintiff also fails to meet the Twombly standard.  Plaintiff offers no facts or authority to suggest that ODRS, as the licensing agency that licensed plaintiff's former employer as a blind vendor, in some way violated her equal protection rights by failing to sanction or discipline Swanson Services as plaintiff appears to suggest.  Even construing plaintiff's complaint liberally, the court can conceive of no actionable claim on plaintiff's current pleadings.  *See* Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

Because plaintiff fails to state a claim upon which relief can be granted, defendant's motion to dismiss [Doc. #10] is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

4